Alfred G. Rava, SBN 188318
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Phone: 619-238-1993
Email: alrava@cox.net

Attorney for Plaintiffs Christine Johnson and Harry Crouch

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JOHNSON and HARRY CROUCH, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>IPIC THEATERS, LLC; and DOES 1 through 20, Inclusive,<br><br>       Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>1. **Violation of Civil Code § 51 - The Unruh Civil Rights Act;**<br>2. **Violation of Civil Code § 51.5;**<br>3. **Violation of Civil Code § 51.6 – The Gender Tax Repeal Act of 1995; and**<br>4. **Negligence** |

Plaintiffs Christine Johnson and Harry Crouch allege the following:

## INTRODUCTION

1. Nearly 40 years ago the California Supreme Court, in *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, held unanimously that gender-based pricing practices (often referred to as "Ladies' Night" and "Ladies' Day" promotions) violate the Unruh Civil Rights Act (codified as Civil Code Section 51). *Koire* held, "The scope of the statute

1

clearly is not limited to exclusionary practices. The Legislature's choice of terms evidences concern not only with access to business establishments, but with equal treatment of patrons in all aspects of the business." *Koire* at 29. "Public policy in California strongly supports eradication of discrimination based on sex. The Unruh Act expressly prohibits sex discrimination by business enterprises." *Id*. at 37.

2. *Koire* was approved by the California Supreme Court in another case involving businesses treating consumers unequally based on their sex, *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, wherein the Court held – again, unanimously – that men who were charged a higher price than women to be admitted into a business establishment did not have to first confront the discriminating business and affirmatively assert their right to equal treatment in order to have standing to sue for violations of Civil Code sections 51 and 51.5.

3. In the present case, Defendant IPIC Theaters, LLC, doing business in Los Angeles as "IPIC Theaters Westwood" or alternatively as "The Tuck Room," created, hosted, employed and/or at least aided a recurring Ladies' Night sex-based pricing promotion every Tuesday at IPIC's "Dine-In" restaurant/cinema located in the Westwood section of Los Angeles. IPIC's website, www.ipic.com, advertises its restaurant/cinema as "Experience movies like never before at our premium dine-in cinema. Your entertainment escape includes the latest films alongside a chef-driven menu and signature cocktails delivered straight to your reclining Premium Plus seat."

4. IPIC openly advertised its Ladies' Night promotion on its www.thetuckroom.com website as follows:

## LADIES' NIGHT $3 SIGNATURE COCKTAILS
Every Tuesday all day at the bar. Includes Norma Jeane, Margarita, Cosmo and Sparkling Rosé (Excludes Holidays)

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5. During IPIC's Ladies' Nights, male and nonbinary patrons were required to pay more for their cocktails than female patrons were required to pay for the same types of cocktails, with the price disparity based on the patrons' sex or gender. During IPIC's Ladies' Nights, IPIC charged male and nonbinary patrons at least $22.00 more than IPIC charged female patrons for the same type of drinks based on the patrons' sex.

6. This class action complaint is filed on behalf of all of IPIC's Ladies' Night patrons, i.e., all male, female, and nonbinary customers who purchased signature cocktails during the Ladies' Night promotion at IPIC's Westwood location, because IPIC's Ladies' Night promotion denied equal accommodations, advantages, facilities, privileges, or services to all patrons who purchased signature cocktails based on the patrons' sex and perpetuated harmful stereotypes about all sexes and genders. Regarding nonbinary patrons, the State of California, specifically at least the California Department of Motor Vehicles, recognizes three genders: (1) male, (2) female, and (3) nonbinary. See, e.g., www.dmv.ca.gov/portal/file/19olin03-pdf/ (entitled "Occupational Licensing Industry News OLIN 2019-03 Nonbinary Gender Designation").

## PARTIES

7. At all times relevant hereto, Plaintiff Christine Johnson has been a female and a California citizen and resident. Ms. Johnson patronized IPIC's The Tuck Room location on Tuesday, October 23, 2023, during one of IPIC's Ladies' Night promotions where and when she purchased a so-called "Signature Cocktail" drink for which she was charged $3.00 – just as advertised.

8. At all times relevant hereto, Plaintiff Harry Crouch has been a male and a California citizen and resident. Mr. Crouch, in the company of Ms. Johnson, also patronized IPIC's The Tuck Room location on Tuesday, October 3, 2023, during one of IPIC's Ladies' Night promotions where and when he purchased one of IPIC's so-called "Signature Cocktails" for which he was charged $26.00, in spite of Mr. Crouch asking his server if he could pay the "Ladies Night" discounted price.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9. On information and belief, at all times relevant hereto, IPIC Theaters, LLC ("IPIC") was a business establishment, a Delaware limited liability company with its principal office or headquarters in Boca Raton, Florida, and doing business in Los Angeles, California as "IPIC Theaters Westwood" and alternatively as "The Tuck Room." On a weekly basis, and at least from June through October of 2023, IPIC created, hosted, and employed and/or at least aided a weekly recurring "Ladies' Night" sex-based pricing promotion every Tuesday at its The Tuck Room "dine-in" theater/restaurant in Los Angeles. During these Ladies' Nights, Plaintiffs and all other patrons paid different prices for the same types of drinks based on the patrons' sex. On Ladies' Nights, IPIC charged female patrons, including Plaintiff Christine Johnson, only $3.00 for its "Signature Cocktails," while requiring males, including Plaintiff Harry Crouch, and other male and nonbinary patrons to pay as much as $26.00 for the same types of drinks based on the patrons' sex.

10. The true names and capacities of Does 1 through 20 are unknown to Plaintiffs. When their true names and capacities are learned, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and on that basis allege, each fictitiously named defendant is responsible in some way for and at least aided the occurrences herein alleged, and those defendants proximately caused Plaintiffs' damages. Each reference in this complaint to "IPIC Theaters, LLC," "IPIC," "Defendants," "Defendant," or any specifically named defendant refers to all defendants sued under fictitious names.

11. Unless otherwise alleged, whenever reference is made in this complaint to any act of "defendant," "defendants," or to a specifically named defendant, such allegation shall mean that each defendant acted individually and jointly with the other defendant named in the complaint.

12. Unless otherwise alleged, whenever reference is made in this complaint to any act or omission of any corporate or business defendant, such allegation shall mean that such corporation or other business defendant committed or omitted to act as in this

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

complaint through its officers, members, directors, stockholders, employees, agents, and/or representatives while they were acting within the actual or apparent scope of their authority.

13. At all relevant times alleged herein, each defendant has been each the agent, alter-ego, representative, partner, joint venturer, employee, or assistant of the other defendants and has acted within the course and scope of said agency, alter-ego, representation, partnership, or joint venture with the knowledge, notification, authorization, and consent of each of the other defendants.

## **NATURE AND BASIS OF CLAIMS**

14. This lawsuit is about IPIC's weekly recurring Ladies' Night sex-based pricing promotion during which IPIC charged its patrons different prices for IPIC's signature cocktails based on the patrons' sex. IPIC's Ladies' Night promotions violated California Civil Code sections 51 (codification of the Unruh Civil Rights Act), 51.5, and 51.6 (codification of Gender Tax Repeal Act of 1995).

15. On Tuesday, October 3, 2023, Plaintiff Christine Johnson, accompanied by Plaintiff Harry Crouch, patronized IPIC's The Tuck Room location in Westwood during one of IPIC's Ladies' Night promotion, when and where she purchased one of IPIC's so-called "Signature Cocktails" for which she was charged $3.00. On that same date during that same Ladies' Night promotion, Plaintiff Harry Crouch purchased one of IPIC's so-called "Signature Cocktails" which he was charged $26.00. The $23.00 price disparity for Plaintiffs' drinks was based on the Plaintiffs' sex.

16. IPIC's Ladies' Night sex-based pricing promotion was arbitrary, invidious, unlawful, and unreasonable, and intentionally denied male, female, and nonbinary patrons equal accommodations, advantages, facilities, privileges, or services based solely on their sex, which is prohibited by Civil Code sections 51, 51.5, 51.6, and 52.

17. Despite the many State of California anti-discrimination statutes, two unanimous California Supreme Court opinions, and the many rules, publications, and actions by

the California Civil Rights Department and California Department of Alcoholic Beverage Control that prohibit businesses operating in California from treating members of the general public unequally based on the their sex, and specifically outlaw Ladies' Night sex-based pricing promotions and practices, IPIC has had the temerity to create, promote, host, employ, and/or at least aid a weekly Ladies' Night sex-based pricing promotion its The Tuck Room "dine-in" theater that has charged its patrons different prices for the same types of drinks based on its patrons' sex.

18. In addition to the above two California Supreme Court Ladies' Night or Ladies' Day cases, *Koire* and *Angelucci*, which ruled against sex-based pricing promotions and practices, there is a significant body of easily-obtained, publicly-available information putting business establishments on notice that such discriminatory conduct is illegal. The California Civil Rights Department (formerly the Department of Fair Employment and Housing), the State agency charged with preventing unlawful discrimination against consumers by businesses operating in California, has published several fact sheets specifically warning businesses about the unlawfulness of treating customers unequally based on their sex – specifically, so-called "Ladies' Night" events or promotions.            See,            https://calcivilrights.ca.gov/wp-content/uploads/sites/32/2020/03/DFEH_UnruhPamphlet.pdf (last visited August 12, 2024).

19. Furthermore, the Civil Rights Department's Unruh Civil Rights Act "FAQ" reads, "Can a business have a 'ladies night' promotion where only women get a discount or free service?  No. The Unruh Civil Rights Act prohibits offering promotions or discounts based on sex or gender." https://calcivilrights.ca.gov/unruh/#faq (last visited August 12, 2024).

20.  The putative class in this case is defined below as including male, female, and nonbinary patrons of IPIC's Westwood Tuck Room theater/restaurant who purchased an alcoholic drink on Ladies' Night, and/or who had a bona fide intent to purchase a Signature Cocktail during Ladies' Night but did not because they encountered terms or

6

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

conditions that excluded them from Defendant's Ladies Night discount because of their sex, all of whom IPIC treated unequally because of their sex. IPIC's Ladies' Night promotion is similar to the sex-based Ladies' Night and/or Ladies' Day pricing at the center the California Supreme Court cases of *Koire* and *Angelucci*. *Koire* found that Ladies' Day or Ladies' Night promotions that ostensibly favor women over men actually harm both sexes as set forth below:

> Moreover, differential pricing based on sex may be generally detrimental to both men and women, because it reinforces harmful stereotypes. (See Babcock et al., Sex Discrimination and the Law (1975) p. 1069; Note, *Washington's Equal Rights Amendment and Law Against Discrimination -- The Approval of the Seattle Sonics' "Ladies' Night"* (1983) 58 Wash. L. Rev. 465, 473.)

> Men and women alike suffer from the stereotypes perpetrated by sex-based differential treatment. (See Kanowitz, *"Benign" Sex Discrimination: Its Troubles and Their Cure* (1980) 31 Hastings L.J. 1379, 1394; Comment, *Equal Rights Provisions: The Experience Under State Constitutions* (1977) 65 Cal.L. Rev. 1086, 1106-1107.) When the law "emphasizes irrelevant differences between men and women[,] [it] cannot help influencing the content and the tone of the social, as well as the legal, relations between the sexes. . . .  As long as organized legal systems, at once the most respected and most feared of social institutions, continue to differentiate sharply, in treatment or in words, between men and women on the basis of irrelevant and artificially created distinctions, the likelihood of men and women coming to regard one another primarily as fellow human beings and only secondarily as representatives of another sex will continue to be remote.  When men and women are prevented from recognizing one another's essential humanity by sexual prejudices, nourished by legal as well as social institutions, society as a

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

whole remains less than it could otherwise become." (Kanowitz, Women and the Law (1969) p. 4.)

Whether or not these defendants consciously based their discounts on sex stereotypes, the practice has traditionally been of that character. For example, in *Com., Pa. Liquor Control Bd. v. Dobrinoff (1984) 80 Pa. Cmwlth. 453 [471 A.2d 941],* the trial court relied on just such a stereotype in upholding a tavern's cover charge distinction based on sex. The court suggested that the purpose of the discount was "'chivalry and courtesy to the fair sex.'" (*Id.*, at p. 943.) The appellate court held, however, that a variance in admission charge based "solely upon a difference in gender, having no legitimate relevance in the circumstances" violated the Pennsylvania Human Relation Act's prohibition against sex discrimination. (*Ibid.*)

*Koire*, *supra*, at pp. 34 – 35.

21. Among the harmful stereotypes detrimental to the advancement of equal rights for women, men, and nonbinary persons that IPIC's Ladies' Night perpetuated include: (1) women welcome being sexualized and treated as little more than sexual bait; (2) women are genetically incapable of earning as much money as men or nonbinary persons; (3) women enjoy being pandered to via sex-based discounts for the purpose of private businesses increasing their profits; and/or (4) women, men, and nonbinary persons are expected to remain mum, idly stand by, or gladly welcome it when a business treats them unequally based on their sex.

22. In addition to the above authorities and publications providing California businesses with ample notice about the unlawfulness of Ladies' Night and Ladies' Day sex-based promotions and practices, IPIC Theaters, LLC is the owner and holder of California Department of Alcoholic Beverage Control ("ABC") license number 622385, which the ABC describes as a "License Type 47 – On-Sale General Eating

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Place," and the ABC has given IPIC and other ABC license holders abundant notice to
2    not treat their patrons unequally based on their sex.

3    23. For example, the passage of Assembly Bill 1221 in 2017 created the Responsible
4    Beverage Service ("RBS") Training Program Act. AB 1221 required the ABC to create
5    the Responsible Beverage Service Training Program and mandates a new training
6    requirement for on-premises alcohol servers and their managers. Beginning July 1,
7    2022, any ABC licensee such as IPIC has been required to ensure specific staff (alcohol
8    servers and managers of alcohol servers) received training from an ABC-approved RBS
9    Training Provider within 60 days of employment. This includes staff employed prior to
10   October of 2023 when Plaintiffs attended IPIC's Ladies' Night, and requires staff to
11   become familiar with ABC policies and regulations. See https://www.abc.ca.gov/wp-
12   content/uploads/2022/07/Multi-Language-Flyer.pdf.

13   24. To meet the new training requirement, any on-premises alcohol server or
14   manager must register in the RBS Portal, take training from an authorized RBS Training
15   Provider, and pass the ABC Alcohol Server Certification exam within 30 days of
16   completing the training. Servers and managers must be certified within 60 days of their
17   first date of employment. Moreover, the Department has certified that the curricula
18   presented by the approved training providers meets the requirements set forth in
19   the California Code of Regulations Title 4, Article 25, §§162-166, which specifically
20   prohibit discriminatory "Ladies' nights" discounts and drink specials.

21   25. California Code of Regulations Title 4, Article 25, sections 166(e)(11) and (h)(1)
22   and (2) read:

23   Curriculum Requirements for the Development of Management Policies that
24   Support the Prevention of Service or Sale of Alcoholic Beverages to Underage
25   Persons or Intoxicated Patrons.

26   (e) Critical RBS [Responsible Beverage Service] policy elements: …

27   (11) Prohibiting promotions that encourage intemperate consumption of
28   alcoholic beverages **or unlawful discrimination**:

9

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(A) Two for one drink specials;

(B) **Ladies' nights**; and

(C) All you can drink or 'bottomless' alcoholic drink specials.

. . .

(h) Discrimination against classifications of individuals included in **California Civil Code § 51.6** at an ABC licensed premises is prohibited:

(1) Information contained in **Business and Professions Code § 125.6**; and

(2) Prohibition includes **discrimination by drink specials**.

See California Department of Alcoholic Beverages Control's "MODEL HOUSE RULES" found at https://www.abc.ca.gov/education/licensee-education/community-relations/model-house-policies last visited on August 12, 2024, and a printable copy of *Model House Policies* linked therein by clicking the PDF download button. (Emphasis added.)

26. The ABC prohibits Ladies' Nights and Happy Hour two-for-one drink specials in order to limit the harms inebriated persons can do to themselves or others at or after leaving the drinking establishments, such as being a victim of a sexual assaults or victimizing themselves and others by driving while intoxicated.

27. As a result of the specific rules imposed upon ABC licensees noted above, as well as the mandatory Responsible Beverage Service training ABC-licensed staff are required to complete and the exam they are required to pass, ABC-licensed IPIC and any of their employees or managers involved with the serving of alcoholic beverages during IPIC's Ladies' Night knew or should have known that IPIC's sex-based drink prices violates the terms of IPIC's ABC license, Business & Professions Code § 125.6, and Civil Code sections 51, 51.5, and 51.6. In spite of such prohibition and knowledge thereof, IPIC intentionally, unreasonably, arbitrarily, invidiously, and unlawfully created, hosted, and employed its recurring discriminatory Ladies' Night event every Tuesday that charged patrons different prices for the same drinks based on the patrons' sex.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28. In *Easebe Enterprises, Inc. v. Rice* (1983) 141 Cal.App.3d 981, the ABC revoked that bar's ABC license because the bar's sex-based admission practice violated the Unruh Civil Right Act and Business & Professions Code section 125.6. The Court of Appeal wrote, "acceptance of this license imposes upon [the licensee] the corollary duty to refrain from any sex discrimination in performing the licensed activity. A failure to honor this obligation provides a basis for revocation of the license (Bus. & Prof. Code § 125.6)."

29. The *Advisory Notice To Defendant* required by Civil Code section 55.62 is attached hereto as Exhibit 1.

30. Any business operating in the progressive state of California in the 21st century knows that California embraces equality and condemns sex discrimination and preferences of one sex over others. To treat consumers unequally based on their sex such as IPIC has done with its Ladies' Night promotion is as repugnant and unlawful as businesses engaging in the same type of discrimination against women, or against people based on their race, religion, or sexual orientation. Imagine the outrage and sex discrimination lawsuits if IPIC came up with a Men's Night promotion that provided male patrons with $3.00 drinks while requiring female and nonbinary patrons to pay as much as $26.00 for the same drink based solely on the patrons' sex. Or what if IPIC did it based on race? Such discriminatory events would never happen because most all California businesses know such abhorrent conduct is wrong and they know they surely would be sued. But, unfortunately, when the patrons being discriminated against are men, a few behind-the-times or primitive-thinking businesses possess an archaic cultural mindset that such discrimination is somehow legal and unworthy of redress. Fortunately, equal rights are for everyone, and California rightfully forbids and has specifically outlawed the sex-based pricing discrimination at the center of this case. Simply put, it is against many California anti-discrimination statutes for business to treat consumers unequally based on their sex or other legally protected personal characteristics, which should surprise no one.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31. The Judicial Council of California's jury instructions for violations of Civil Code sections 51 51.5, and 51.6, i.e., CACI 3060, 3061, 3062, and 3063, respectively, reflect the Judicial Council's recognition of the California Supreme Court's ruling in *Koire* that sex-based discrimination is "per se injurious." The Directions For Use for CACI 3060, 3061, or 3062 recognize that plaintiffs praying for only the statutory damages provided by Civil Code section 52 for violations of section 51, 51.5, or 51.6, such as Plaintiffs pray for here, do not have to prove they were harmed or that the defendants' conduct was a substantial factor in causing the harm, because harm is presumed. Nevertheless, Plaintiffs and other similarly situated male, female, and nonbinary consumers were indeed harmed and damaged in this case by being denied equal accommodations, advantages, facilities, privileges, or services based solely on their sex during IPIC's sex-based pricing promotion.

32. By this action, Plaintiffs seek redress for IPIC's arbitrary, invidious, unlawful, and unreasonable sex-based pricing promotion that intentionally denied all patrons – male, female, and nonbinary – equal accommodations, advantages, facilities, privileges, or services, and discriminated against them based solely on the patrons' sex, which is prohibited by Civil Code sections 51, 51.5, and 51.6.

## JURISDICTION AND VENUE

33. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiffs are citizens of the State of California, and Defendant IPIC Theaters, LLC is a citizen of Florida, and upon information and belief, the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, giving this Court jurisdiction. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332(a) & (d). This is a putative class action where, upon information and belief: (i) the proposed class consists of more than 100 members; (ii) at least one class member has a different citizenship from Defendants; and (iii) the

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

claims of the proposed class exceed $5,000,000 in the aggregate. Furthermore, the Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

34. The Court has personal jurisdiction over Defendant IPIC Theaters, LLC due to its continuous and systemic contacts with the State of California. IPIC Theaters, LLC has sufficient business in California and has sufficient minimum contacts in California to render the exercise of personal jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

35. Specifically, personal jurisdiction against IPIC Theaters, LLC is proper under *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) because IPIC Theaters, LLC has engaged in substantial business activity in the State of California, as opposed to activities that could be characterized as random, isolated, or fortuitous. IPIC Theaters, LLC has continuously and deliberately cultivated the California market as alleged herein. IPIC took an active role in the creation, promotion and employment of its Ladies' Night promotion at the center of this case. Personal jurisdiction against IPIC is also proper under *Calder v. Jones*, 465 U.S. 783 (1984) because IPIC Theaters, LLC aimed its commercial activities at California knowing that the effects of its activities would be felt there by the creation, promotion and employment of its Ladies' Night promotion to Californians, as well as selling physical products in the California market.

36. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, events, or omissions giving rise to Plaintiffs' claims occurred in this district and defendant has conducted substantial business in this district, specifically in Los Angeles, California.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## **CLASS ALLEGATIONS**

38. Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated, defined as follows:

> All persons who purchased a Signature Cocktail, or had a bona fide intent to purchase a Signature Cocktail but did not because they encountered terms or conditions that excluded them from Defendant's Ladies Night discount because of their sex, during any Ladies' Night at IPIC Theaters, LLC's The Tuck Room, a.k.a. IPIC Theaters Westwood, located in Los Angeles, California during the time period beginning on August 20, 2021 and continuing through the date of trial (the "Class").

39. This class excludes counsel representing the class, governmental entities, Defendants, any entity in which Defendants have a controlling interest, any Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

40. Plaintiffs reserve the right to amend or modify the class descriptions with greater particularity or further division into subclasses or limitation to particular issues.

41. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because it is a well-defined community of interest in the litigation and the class is readily and easily ascertainable.

42. The potential members of the class are so numerous that joinder of all members of the class is impractical. Although the precise number of putative class members has not been determined at this time, Plaintiffs are informed and believe that the proposed classes include hundreds or thousands of members.

43. There are common questions of law and fact that predominate over any questions affecting only individual putative class members.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44. Plaintiffs' claims are typical of the claims of the members of the putative class because Plaintiffs were treated unequally and discriminated against based on their sex during IPIC's Ladies' Night promotion, which that Plaintiffs attended, by being charged different prices for their Signature Cocktail beverage based on their sex or gender during the applicable class period, or by being deterred from purchasing a Signature Cocktail beverage during IPIC's Ladies' Night promotion due to learning or knowing of any advertisement or notice reflecting IPIC's published practice or policy of unlawful gender price discrimination. Plaintiffs and each class member sustained similar injuries arising out of IPIC's conduct in violation of law. The injuries of each member of the class were caused directly by IPIC's wrongful conduct. In addition, the factual underpinning of IPIC's misconduct is common to all members of the putative class and represents a common thread of misconduct resulting in injury to all members of the class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of putative class members and are based on the same legal theory: gender-based price discrimination.

45. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative class members is not practicable and questions of law and fact common to the class members predominate over any questions affecting only individual putative class members. Each member of the putative class has been damaged and is entitled to recovery by reason of IPIC's illegal acts.

46. Class action treatment will allow those similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

47. Plaintiffs are unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48. The disposition of all claims of the members of the class in a class action, rather than individual actions, benefits the parties and the Court. The interests of the class members in controlling prosecution of separate claims against the Defendants is small when compared to the efficiency of a class action.

49. Plaintiffs will fairly and adequately represent and protect the interests of the classes. Counsel for Plaintiffs and the putative class members is experienced and competent in litigating individual and class actions for violations of California Civil Code sections 51, 51.5, and 51.6.

50. Plus, despite the many California statutes, California Supreme Court opinions, and State of California administrative agency publications, opinions, and actions that have warned, prosecuted, and prohibited businesses operating in California from requiring consumers to pay different prices for the same thing based on the consumers' sex or gender, many of IPIC's patrons likely do not know that pricing promotions such as IPIC's Ladies' Night sex-based pricing has violated the above-referenced anti-discrimination statutes and are subject to the remedies provided by Civil Code section 52. A class action will right the wrongs inflicted on those many consumers who were treated unequally by IPIC because of their sex and who likely do not even know they have valid sex discrimination claims against IPIC.

51. IPIC, by creating, promoting, hosting, employing, and/or to least aiding sex-based prices for its Signature Cocktails for patrons of IPIC's Ladies' Nights, has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and making appropriate class certification

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**FIRST CAUSE OF ACTION**

**Violation of The Unruh Civil Rights Act, Civil Code Section 51**

52. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

53. IPIC, by charging Plaintiffs and other patrons of IPIC's Ladies' Nights different prices for its Signature Cocktails based on the patrons' sex, intentionally denied equal accommodations, advantages, facilities, privileges, or services to Plaintiffs and members of the Class, which is prohibited by the Unruh Civil Rights Act, codified as Civil Code section 51.

54. A substantial motivating reason for IPIC's conduct was the Plaintiffs' sex.

55. IPIC's conduct harmed and damaged Plaintiffs and members of the Class.

56. IPIC's conduct was a substantial factor in causing harm to Plaintiffs and members of the class.

57. IPIC's unequal treatment of the Plaintiffs and members of the Class subjects IPIC to injunctive relief.

**SECOND CAUSE OF ACTION**

**Violation of Civil Code Section 51.5**

58. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

59. IPIC, by charging Plaintiffs and other patrons of IPIC's Ladies' Nights different prices for its Signature Cocktails based on the patrons' sex, intentionally discriminated against Plaintiffs and the members of the class based on their sex, which is prohibited by Civil Code section 51.5.

60. A substantial motivating reason for IPIC's conduct was the sex of the Plaintiffs and the members of the Class.

61. IPIC's conduct harmed and damaged Plaintiffs and the Class.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

62. IPIC's conduct was a substantial factor in causing harm to Plaintiffs and the Class.

63. IPIC's unequal treatment of the Plaintiffs and the Class subjects IPIC to injunctive relief.

## THIRD CAUSE OF ACTION

### Violation of Civil Code Section 51.6

64. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

65. IPIC, by charging Plaintiffs and other patrons of IPIC's Ladies' Nights different prices for its Signature Cocktails based solely on the patrons' sex, intentionally engaged in gender price discrimination as codified as Civil Code section 51.6.

66. IPIC's conduct harmed and damaged Plaintiffs and the Class.

67. IPIC's conduct was a substantial factor in causing harm to Plaintiffs and the Class.

68. IPIC's unequal treatment of the Plaintiffs and the Class subjects IPIC to injunctive relief.

## FOURTH CAUSE OF ACTION

### Negligence

69. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

70. IPIC had a duty of care to avoid injury to Plaintiffs and the Class. Specifically, IPIC had a duty of care to avoid treating Plaintiffs and the members of the Class unequally based on their sex, especially because IPIC holds a license from the California Department of Alcoholic Beverage Control that imposes an affirmative duty upon licensees to refrain from sex discrimination in the performance of their licensed activity for selling alcoholic beverages.

71. IPIC selected, hired, retained, and contracted with persons and/or entities that harmed Plaintiffs and the Class as described above.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72. IPIC had the authority and duty to supervise, prohibit, control, and/or regulate these persons and/or entities that harmed Plaintiffs and the Class.

73. IPIC knew or reasonably should have known that persons or entities that harmed Plaintiffs and the Class would harm Plaintiff and the Class.

74. IPIC breached its duty of care by (1) denying Plaintiffs and the Class their right to equal treatment, and (2) failing to use reasonable care in selecting, hiring, supervising, retaining, or contracting with persons or entities who harmed Plaintiff and the Class.

75. As a direct and proximate result of IPIC's negligence and negligent hiring, supervision, and retention, Plaintiffs and the Class suffered damages in amounts to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray judgment against each and every Defendant as follows:

1. Certification of the case as a class action on behalf of the proposed Class;

2. Designation of Plaintiffs as representatives of the proposed Class;

3. Designation of Plaintiffs' counsel of record as Class Counsel;

4. A declaratory judgment that the practices complained of herein are unlawful and violate California Civil Code §§ 51, 51.5, and 51.6;

5. Public injunctive relief in the form of a preliminary and permanent injunction against IPIC and their officers, members, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

6. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by each Defendant against Plaintiffs and the Class for violating California Civil Code §§ 51, 51.5, 51.6, and 52;

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7.  Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law, including as provided by California Civil Code § 52; and

8.  For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

Dated: August 19, 2024                    Respectfully submitted,

                                           /s/ *Alfred G. Rava*
                                          Alfred G. Rava

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT 1

ADVISORY NOTICE TO DEFENDANT                                      GDC-001

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUSINESSES

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. Persons with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov*.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that you have discriminated, with respect to the price charged for services of similar or like kind, against a person because of that person's gender.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** State law requires that businesses charge the same price for the same services, or services of the same or similar kind, regardless of the customer's gender. In addition, state law requires that certain business establishments clearly and conspicuously disclose to their customers in writing the pricing for each standard service provided. The posting requirement applies to the following businesses:

(1) Tailors or businesses providing aftermarket clothing alterations.

(2) Barbers or hair salons.

(3) Dry cleaners and laundries providing services to individuals.

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING.

You have the right to seek assistance or advice about this demand letter or complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

## ADDITIONAL THINGS YOU SHOULD KNOW

WHEN YOU CAN AND CANNOT CHARGE DIFFERENT PRICES: The Gender Tax Repeal Act of 1995 (California Civil Code Section 51.6) prohibits a business from charging a different price for the same service because of the gender of the person receiving the service. However, you may charge different prices based specifically upon the amount of time, difficulty, or cost of providing the services.

Form Adopted for Mandatory Use
Judicial Council of California
GDC-001 [New January 2019]

ADVISORY NOTICE TO DEFENDANT

Civil Code, § 55.52
www.courts.ca.gov

## ADVISORY NOTICE TO DEFENDANT

### STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
### ADVISORY INFORMATION FOR BUSINESSES

POSTING PRICES: The Gender Tax Repeal Act of 1995 also requires that certain businesses clearly disclose to the customer in writing the price of each standard service provided. This pricing disclosure is required for the following businesses: tailors or businesses providing aftermarket clothing alterations; barbers or hair salons; and dry cleaners and laundries providing service to individuals. The price list must be posted in a place where customers will likely see it, and it must be in no less than 14-point boldface font. A business must also provide a written copy of the prices to the customer if one is requested by the customer. Finally, a business must clearly and conspicuously display a sign, in no less than 24-point font, that reads:

"CALIFORNIA LAW PROHIBITS ANY BUSINESS ESTABLISHMENT FROM DISCRIMINATING, WITH RESPECT TO THE PRICE CHARGED FOR SERVICES OF SIMILAR OR LIKE KIND, AGAINST A PERSON BECAUSE OF THE PERSON'S GENDER. A COMPLETE PRICE LIST IS AVAILABLE UPON REQUEST."

RIGHT TO CORRECT A POSTING VIOLATION ONLY: If you receive a written notice claiming that you have failed to properly post any of the above information, you have 30 days to correct the violation. If you fail to correct the violation, you will be liable for a civil penalty of $1,000. (Note that the 30-day period to correct applies only to posting violations, not to discriminatory pricing violations.)